**In re TRENDING CYCLES FOR COMMODITIES, INC., Debtor.**

**Bankruptcy No. 80–00099–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Dec. 22, 1982.

Jeanette Tavormina, Trustee.

Irving Wolff, Miami, Fla., for trustee.

Arthur Weitzner, M. Lewis Hall, III, Erwin A. Salisbury, F. William Harvey, Steven Brownstein, Miami, Fla., for claimants.

Ellen Meltzer, Commodity Futures Trading Commission, Washington, D.C., for debtor.

**ORDER CONTINUING HEARING ON TRUSTEE'S OBJECTIONS TO CLAIMS FOR LOST PROFITS AND CALL MARGINS**

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee has filed objections to some 400 claims filed in this case. Of that number, some 85 have been resolved and are being paid the 10% partial distribution made previously to all remaining claimants.

The great bulk of the unresolved, disputed claims (about 200) fall either into the category of being claims for monies paid by the customer to the debtor in response to margin calls or claims for profits in addition to the sums paid by the customer to the debtor.

The trustee objects to any distribution on account of margin calls, because the funds available for distribution are insufficient to repay customer's original payments and (the trustee argues) the Code, 11 U.S.C. § 761 et seq. reflects a distribution priority to be given to original payments. The trustee has offered no proof to support her factual assertion and no authority to support her legal contention. Instead, she relies on oral directives she received from the Commodities Exchange Commission. Representatives of that agency, although entitled to notice (§ 762) received no notice of this hearing and were not present.

The trustee's position with respect to claims for lost profits is that such claims are allowable to the extent that the customer's profit was in fact realized through a transaction and is, therefore, identifiable within the framework provided by § 766(h) and § 761(17). Unrealized profits, even though attributable to the negligence or fraud of the debtor, are not allowable under these provisions. I accept the trustee's legal contention in this instance, but there is no proof to support her factual contention that this broker never realized any profit for any customer, because this broker never conducted any transaction for the identifiable account of any customer.

Because the ruling on any claim may be reconsidered at any time until a case is closed (§ 502(j)) and because the trustee may be able to furnish the missing elements in support of her objection, the hearing on these objections is continued to 9:30 a.m. January 28, 1983, in Courtroom 1406, 51 S.W. 1 Avenue, Miami, Florida.

The trustee has argued that the burden of proceeding on a claim shifts to the claimant when an objection is filed. There is some support for this contention in cases decided before the adoption of the Bankruptcy Rules in 1975. However, B.R. 301(b) provides that:

> "Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

These rules, to the extent they are not inconsistent with the Code, remain applicable. Pub.L. 95–598, § 405(d). The foregoing provision is entirely consistent with the Code. § 502(a). It follows, that the burden of going forward with the proof is on the objecting trustee, not the claimant. That burden is not satisfied by the mere filing of an objection. *Collier on Bankruptcy* (15th ed.) ¶ 502.01[3] n. 20.